```
                    UNITED STATES DISTRICT COURT
                       DISTRICT OF NEW JERSEY
```

_____
                              :
SALAHUDDIN F. SMART,          :
                              :
         Plaintiff,           :   Civ. No. 22-2041 (NLH) (AMD)
                              :
    v.                        :   OPINION
                              :
                              :
HONORABLE LINDA EYNON, et al.,:
                              :
         Defendants.          :
_____:

APPEARANCE:

Salahuddin F. Smart
91107
Burlington County Correctional Center
PO Box 6000
Mt. Holly, NJ 08060

Plaintiff Pro se

HILLMAN, District Judge

    Plaintiff Salahuddin F. Smart submitted a complaint under 42 U.S.C. § 1983.  ECF No. 1.  He seeks to proceed in forma pauperis ("IFP").  ECF No. 1-2.

    The Prison Litigation Reform Act ("PLRA") established certain financial requirements for prisoners who are attempting to bring a civil action IFP.[1]  28 U.S.C. § 1915.  If the prisoner

---

[1] "'Prisoner' means any person incarcerated or detained in any facility who is accused of, convicted of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms and conditions of parole, probation, pretrial release, or diversionary program."  28 U.S.C. § 1915(h).  Plaintiff is a pretrial detainee currently detained in the Burlington County Correctional Facility in Mount Holly, New Jersey.  ECF No. 1.

has, on three or more prior occasions while incarcerated, brought in federal court an action or appeal that was dismissed on the grounds that it was frivolous or malicious, or that it failed to state a claim upon which relief may be granted, he cannot bring another action IFP unless he is in imminent danger of serious physical injury.  28 U.S.C. § 1915(g); Millhouse v. Sage, 639 F. App'x 792, 793 (3d Cir. 2016) (citing 28 U.S.C. § 1915(g)).

"Plaintiff 'is a recreational litigant,' and the majority of his prior actions have been commenced in forma pauperis." Smart v. Aramark Inc., No. 14-3007, 2014 WL 2215972, at *1 (D.N.J. May 29, 2014) (footnote omitted).  The Court "now proceed[s] to count [Plaintiff's] strikes, stopping if [it] count[s] to three."  Garrett v. Murphy, 17 F.4th 419, 425 (3d Cir. 2021).  If the Court concludes Plaintiff has three strikes, it "will consider whether he is in imminent danger of serious physical injury.  If he is not, [the Court] will deny his application for in forma pauperis status, and . . . will defer consideration of the merits until he pays the filing fee."  Id.

According to the Public Access To Court Electronic Records ("PACER") case locator, Plaintiff has filed at least 80 cases within the Third Circuit.  PACER Case Locator, available at https://pcl.uscourts.gov (last visited Apr. 27, 2022).  The Court easily finds three qualifying dismissals among the many

2

cases Plaintiff has filed over the years: Smart v. Admin. Off. of the Cts., No. 14-4303, 2016 WL 632230 (D.N.J. Feb. 17, 2016) (dismissed for failure to state a claim), aff'd sub nom. Smart, v. Admin. Off. of the Cts. State of New Jersey, 672 F. App'x 182, 2017 WL 34475 (3d Cir. 2017); Smart, No. 14-3007, 2014 WL 2215972 (dismissed for failure to state a claim); Smart v. McLivaine, No. 14-4375, 2014 WL 6386768 (D.N.J. Nov. 14, 2014) (dismissed for failure to state a claim).

The relevant inquiry is whether a person "brought an action or appeal" "while incarcerated or detained in any facility," 28 U.S.C. § 1915(g), and Plaintiff filed each of these actions while he was detained in either a county or state prison. It is irrelevant for § 1915(g) purposes that Plaintiff was released from custody prior to two complaints' dismissals. See Parker v. Montgomery Cty. Corr. Facility/Bus. Office Manager, 870 F.3d 144, 149 n.8 (3d Cir. 2017); Harris v. City of New York, 607 F.3d 18, 21-22 (2d Cir. 2010) ("Had Congress intended that the three strikes rule would no longer apply once a prisoner had been released, it would have written the statutory provision differently.").

Each case was explicitly dismissed for failure to state a claim. See Dooley v. Wetzel, 957 F.3d 366, 377 (3d Cir. 2020) (requiring district courts to evaluate strikes under § 1915(g) "at a moment when it carries immediate significance").

3

Accordingly, the Court may not grant Plaintiff's IFP application unless Plaintiff is in imminent danger of serious physical injury. 28 U.S.C. § 1915(g).

Plaintiff alleges Judge Linda Eynon, David Snyder, and John Doe violated his constitutional rights during a family court proceeding in February 2022. ECF No. 1 at 5.[2] He alleges Defendant Eynon violated his Equal Protection rights in making decisions about Plaintiff's pending family court case, claiming that he "planned on taking [his] children to Iran" without "compelling governmental interest in the protection of [his] children." Id. at 6. He alleges Defendants Snyder and Doe failed to appeal Defendant Eynon's orders on his and his children's behalf. Id. "My issue is a TRO, namely against the racist and Islamic phobic [sic] judge to not contact me for any further § 1983 discriminatory acts and pro bono counsel for my children for [their] TRO against [their] Atty and Judge." Id.

"[A] prisoner may invoke the 'imminent danger' exception only to seek relief from a danger which is 'imminent' at the time the complaint is filed." Abdul-Akbar v. McKelvie, 239 F.3d 307, 312 (3d Cir. 2001). Nothing in the complaint suggests Plaintiff is in danger of physical injury, let alone imminent

---

[2] Plaintiff filed another § 1983 complaint against Defendant Eynon making similar allegations that was also closed based on Plaintiff's three strikes. Smart v. Eynon, et al., No. 22-1751, 2022 WL 1213464 (D.N.J. Apr. 25, 2022).

4

danger of serious physical injury.  "'Imminent' dangers are those dangers which are about to occur at any moment or are impending."  Id. at 315.  "A physical injury is 'serious' for purposes of § 1915(g) if it has potentially dangerous consequences such as death or severe bodily harm.  Minor harms or fleeting discomfort don't count."  Gresham v. Meden, 938 F.3d 847, 850 (6th Cir. 2019).  Therefore, the Court must deny Plaintiff's IFP application under § 1915(g).

The Clerk will be ordered to administratively terminate the case without filing the complaint.  Plaintiff must pay the $402 filing and administrative fees before the complaint may be filed.

An appropriate Order follows.

Dated: April 27, 2022          s/ Noel L. Hillman
At Camden, New Jersey          NOEL L. HILLMAN, U.S.D.J.

5